IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LOUISA PADILLA,

    Plaintiff,

    v.                                                                                  No. CIV 10-1156 GBW/RHS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**I.     INTRODUCTION**

THIS MATTER comes before the court on "Plaintiff's Motion to Reverse or Remand Decision of the Commission." *Doc. 18.* Having been denied Social Security benefits, Plaintiff Padilla asks the Court to reverse the unfavorable decision of the Administrative Law Judge (ALJ) and remand the case for further proceedings. The Court will remand the case for further proceedings.

**II.    BACKGROUND**

Plaintiff has a lengthy history of medical problems. These problems began in February, 2004, when she first went to a doctor with complaints of back pain and received medication. *See* Tr. at 183. During 2006, 2007, and 2008, Plaintiff visited various doctors numerous times, underwent various treatments and diagnostic

procedures, received diagnoses for various medical ailments, and received prescriptions for various medications. *See generally* Tr. at 151-201, 221-250.[1]

Plaintiff made numerous subjective complaints of pain. As part of her application for Social Security benefits, Plaintiff submitted a "Function Report", (Tr. at 104-113), and a "Disability Report", (Tr. at 114-122). In these documents, Plaintiff described how her health conditions made various activities difficult for her. Plaintiff claimed that, due to her medical condition, she needed help to care for her hair, shave, use the toilet, and do laundry. Tr. at 107. She stated that her medical condition affected her ability to sleep. *Id.* at 107. She stated that she was unable to do household chores. *Id.* at 108. She stated that she could not drive because she was too disoriented. *Id.* at 109. She stated that she could no longer prepare meals. *Id.* at 108. She said that her health condition affected, among other things, her ability to stand, walk, sit, talk, remember, complete tasks, concentrate, and get along with others. *Id.* at 111. She said she had difficulty paying attention for more than ten minutes at a time. *Id.* at 111. She said, "My illness has stopped me from functioning as a normal human being." *Id.* at 111. She states, "I became unable to work due to my medical conditions as of the date that I stopped working on 11/30/2006." *Id.* at 115. Throughout these documents, Plaintiff does not indicate clearly to what extent it is the pain she claims to experience

---

[1] As noted in Plaintiff's motion, pages 202-20 of the Transcript contain medical records of an individual who appears to have no connection to this case other than having a name similar to that of the Plaintiff. The Court assumes that the presence of these pages in the record is the result of a clerical error.

that interferes with her life, and to what extent her other medical conditions cause these problems; she often simply refers to her "medical conditions." *See, e.g.,* Tr. at 115. However, she refers to her pain frequently as well. For example, in response to the question "How do your illnesses, injuries, or conditions limit your ability to work?" she answers, "Trouble bending, kneeling, squatting, stooping, pain radiating down leg to foot, pain, trouble sleeping due to pain, have to change position frequently due to pain." *Id.* at 115.[2]

The record also contains Plaintiff's testimony before the ALJ. *Id.* at 21-38. Nearly all of this testimony is related to Plaintiff's experience of pain and how she has coped with it. The Court will construe her statements in the hearing before the ALJ and her statements in the Function Report and Disability Report to indicate that it is the pain she suffers which is the primary cause of her difficulties. This approach is consistent with the ALJ's interpretation; the ALJ stated, "The claimant testified that she is unable to work due to low back pain and muscle spasms." *Id*. at 11.

The ALJ found, after a cursory recitation of some facts, that Plaintiff has some residual functional capacity (RFC):

> The claimant testified that she is unable to work due to low back pain and muscle spasms. The claimant said that to control the pain she wears a back brace and takes prescribed medications. The claimant said that she does physical therapy at home. A MRI scan of the lumbar spine was consistent with degenerative disc disease with possible L4 nerve root ganglia impingement (Exhibit 12F, p. 11). However, the claimant has

---

[2] This summary is representative rather than exhaustive.

> remained neurologically intact (Exhibit 12F, p. 8). The claimant's testimony that she cannot walk more than 100 feet without using a cane is not corroborated by any medical evidence. The claimant does have a history of degenerative disc disease dating back to 2003 (when she reported a back injury) but the medical records do not show that she has an impairment that would affect her ability to work. I am concluding that the claimant is limited to sedentary work with a sit/stand option.

Tr. at 11-12.

The ALJ also concluded that some of Plaintiff's statements were not credible:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms [including pain]; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

Tr. at 12. The ALJ did not further explain why he found that that the Plaintiff's statements were not credible. *Id.* at 10-14.

Plaintiff argues that the ALJ's ruling fails to meet the requirements of the Tenth Circuit because: (1) "the ALJ failed to discuss [various evidence relating to Plaintiff's experience of pain] and whether or not he rejected it or whether this evidence was used in determining the RFC," (*doc. 18* at 11); and (2) "the ALJ did not discuss how or why he was finding that [Plaintiff] had an RFC for sedentary work with a sit/stand option," (*id.*).

III. **RELEVANT LAW AND ANALYSIS**

"It is well settled that administrative agencies must give reasons for their decisions." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (internal quotation omitted).

4

"The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence, and whether she applied the correct legal standards." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005) (internal quotation omitted).

"[A]ll the ALJ's required findings must be supported by substantial evidence and he must consider all relevant medical evidence in making those findings," *id.* (internal quotations omitted). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Glass v. Shalala*, 43 F.3d 1392 1395 (10th Cir. 1994). "'Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion.'" *Id.* at 1262 (quoting *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). A reviewing court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan*, 399 F.3d at 1262 (citing *Washington v. Shalala*, 37 F. 3d 1437, 1439 (10th Cir. 1994)).

"Credibility determinations are peculiarly the province of the finder of fact, and [the Court] will not upset such determinations when supported by substantial evidence." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). However, boilerplate language is insufficient. *E.g., id.; see also, e.g., Carpenter v. Astrue*, 537 F.3d 1264, 1266-70 (10th Cir. 2008); *Hardman v. Barnhart*, 362 F.3d 676, 679

5

(10th Cir. 2004). Instead, "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler*, 68 F.3d at 391 (internal quotation marks and brackets omitted). However, the Tenth Circuit does not "reduce[] credibility evaluations to formulaic expressions" and it "'does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied.'" *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (*quoting Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000)). Where, as here, subjective pain testimony is critical, the ALJ "must articulate specific reasons for questioning the claimant's credibility." *Marbury v. Sullivan*, 957 F.2d 837, 739 (11th Cir. 1992) (*cited with approval in Kepler*, 68 F.3d at 391); *see also White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2002) (An ALJ must "give specific reasons why he rejects a claimant's subjective complaint of pain.").

In analyzing a claimant's evidence of pain, the ALJ must consider: "(1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling." *Branum v. Barnhart*, 385 F.3d 1268, 1273 (10th Cir. 2004). Moreover, "to determine the credibility of pain testimony, the ALJ should consider such factors as: the levels

of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence." *Id*. (citations and quotation omitted).

The plaintiff made numerous subjective complaints of pain (summarized above at 2-3). She provided details as to the debilitating effects of her pain in a "Function Report" (Tr. at 104-13) and a "Disability Report" (Tr. at 114-22). She discussed her experience of pain in detail at the administrative hearing before the ALJ. *Id.* at 21-38. The ALJ determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [the alleged] symptoms [were] not credible to the extent they [were] inconsistent with [her] residual functional capacity assessment." *Id.* at 12.

The ALJ "gave his conclusion but not the reasons for his conclusion." *Kepler*, 68 F.3d at 391. He certainly did not lay out any of the analysis or factors recommended in *Branum*. While his decision described the Claimant's health history generally, he did not sufficiently articulate specific reasons for questioning the claimant's credibility with respect to pain. In short, the Court is "left to speculate what specific evidence led the ALJ to find claimant's pain was not disabling." *Kepler*, 68 F.3d at 391. Because the "link between the evidence and credibility determination is missing," remand is required. *Id*.

7

## IV. CONCLUSION

Remand is required for the ALJ to make express findings, with reference to relevant evidence as appropriate, concerning claimant's claim of disabling pain. Claimant also argues that the ALJ failed to properly explain why he rejected significant probative evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) ("ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as well as significant probative evidence he rejects."). Claimant does not elaborate much on this argument stating primarily that it "is unclear whether or not the ALJ considered the longitudinal medical treatment Ms. Padilla received from Dr. Reeve from February 2004 to July 2009." *Doc. 18* at 10. The Court encourages the ALJ on remand to clarify this issue and, if he rejected this evidence, to explain why.

Wherefore, **IT IS HEREBY ORDERED THAT** Claimant's Motion to Remand be granted and the action be remanded to the Commissioner for proceedings consistent with the foregoing.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

8